IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | A-96-CR-190-1-DAE |
| | § | |
| TONY DAVIS | § | |

**<u>ORDER</u>**

Before the court is Defendant's Objection to Collection Activity and Motion to Dismiss Collection Activity (Dkt. No. 632) and the Government's Response (Dkt. No. 634), as well as Defendant's Motion to Stay Proceedings Pending Approval from the Fifth Circuit (Dkt. No. 635). Defendant Tony Davis objects to the Government's collection of an order of restitution entered by this Court as part of his criminal sentence. Having considered the motion, response and the entire case file, the Court enters the following Order.

On September 2, 1998, a jury found Davis guilty of: (1) one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371; (2) two counts of Wire Fraud in violation of 18 U.S.C. § 1343; (3) two counts of Travel and Transportation of Securities for Fraudulent Purposes; (4) three counts of Engaging in Monetary Transactions in Property Derived From Unlawful Activity in violation of 18 U.S.C. § 1957; and (5) one count of Aiding and Abetting in violation of 18 U.S.C. § 2. On January 6, 1999, the Court entered an amended judgment, sentencing Davis to 97 months imprisonment and ordering him to pay $3,609,937.79 in restitution and a special assessment in the amount of $400.00.

On appeal, the Fifth Circuit affirmed the judgment. *See United States v. Davis*, 226 F.3d 346 (5th Cir. 2000), cert. denied, 531 U.S. 1181 (2001). Since that date, Davis has employed a variety of strategies attempting to vacate the judgment. He filed a motion for new trial, a motion pursuant

to 28 U.S.C. § 2255, and two petitions pursuant to 28 U.S.C. § 2241 before the United States District Court for the Northern District of Texas. All Davis' requested relief was denied by these courts, and the Fifth Circuit ordered that Davis is "no longer allowed to file any documents or pleadings in this court or any court subject to this court's jurisdiction without first obtaining permission from a judge of this court." *See Davis v. Wendt*, 242 F. App'x 998 (5th Cir. 2007). Davis was previously required to comply with this order in requesting leave to object to a garnishment issued by this Court. (Doc. No. 549). He again was ordered to comply with the Fifth Circuit's sanctions order as recently as 2014. *See U.S. Bank Nat'l Ass'n v. Davis*, 2015 WL 3443473 at *2 (W.D. Tex. May 28, 2015) (noting that Defendant has been "declared a vexatious litigant in the Fifth Circuit in connection with his multiple criminal convictions…").

The Government asserts that Davis has failed to comply with the sanctions order as required by the Fifth Circuit, and therefore, this motion should be stricken, without prejudice, until such time as leave to file it has been granted by the Fifth Circuit. This Court concurs.

IT IS THEREFORE ORDERED that Defendant's Objection to Collection Activity and Motion to Dismiss Collection Activity (Dkt. No. 632), and Motion to Stay Proceedings Pending Approval from the Fifth Circuit (Dkt. No. 635) are **STRICKEN** without prejudice as to refiling at such time as Davis obtains leave to do so from the Fifth Circuit.

SIGNED this 29th day of February, 2016.

_____
David Alan Ezra
Senior United States Distict Judge